**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**
**CIVIL ACTION NO. 3:18-CV-151-RGJ-CHL**

**B.L., et al.,** **Plaintiffs,**

**v.**

**BRADLEY SCHUHMANN, et al.,** **Defendants.**

## MEMORANDUM OPINION AND ORDER

Before the Court are the Motions to Stay filed by Defendants Kenneth Betts ("Betts") (DNs 17, 215); Louisville/Jefferson County Metro Government ("Louisville Metro") (DN 19); Boy Scouts of America, Learning for Life, Inc., Lincoln Heritage Council, Inc., and Learning for Life Lincoln Chapter, Inc. (collectively the "LFL Defendants") (DNs 20, 67, 90, 111, 145, 171); and Brandon Wood ("Wood") (DNs 21, 95, 124, 177, 189). Plaintiff, B.L , filed a Response (DN 25) to the Motions to Stay filed by Betts, Wood, Louisville Metro, and the LFL Defendants (DNs 17, 19, 20, 21) in the lead case prior to the consolidation of the other cases.[1] Plaintiffs A.S., K.W., N.C., E.B., F.A., and C.F. (together with B.L., the "Plaintiffs"), filed a response (DN 211) to the Motions to Stay filed by the LFL Defendants and Wood, as well as a response to Betts's recent Motion to Stay (DN 217). Louisville Metro (DN 33), Betts (DNs 34, 219), Wood (DNs 39, 213), and the LFL Defendants (DNs 35, 214, 218) also filed Replies in support of their Motions. Therefore, this matter is ripe for review. For the reasons set forth below, the Motions to Stay are **GRANTED IN PART AND DENIED IN PART**.

---

[1] In her August 15, 2018 Order (DN 57), District Judge Rebecca Grady Jennings consolidated all seven cases in which Plaintiffs alleged they were the victims of sexual abuse while participating in the Louisville Metro Police Department's career education program known as the "Explorer Program" into the senior action: *B.L. v. Schumann et al.*, No. 3:18-cv-00151-RGJ-CHL. The Clerk of Court subsequently redocketed into the senior action all pending motions filed in the consolidated actions. The undersigned will refer to all pending motions by their docket number in the senior (3:18-cv-00151-RGJ-CHL) action.

## BACKGROUND

These matters arise from Plaintiffs' allegations of sexual abuse while participating in the Explorer Program. The Defendants in these cases include former Louisville Metro Police Officers Betts and Wood, both of whom are currently being prosecuted in Jefferson Circuit Court for allegations also related to the Explorer Program. *See Commonwealth v. Wood*, No. 17-CR-001040 (Jefferson Cir. Ct. filed April 12, 2017); *Commonwealth v. Betts*, No. 17-CR-1041, (Jefferson Cir. Ct. filed April 12, 2017). Wood's state court prosecution is set for a status hearing on February 21, 2019. Betts's state court prosecution is set for a pretrial conference in March 2019. Betts was also subsequently indicted in federal court but has already pled guilty and is scheduled to be sentenced in March 2019. *See United States v. Betts*, No. 3:18-cr-00176-DJH (W.D. Ky. Nov. 6, 2018).

Nearly all of the Defendants have Motions to Dismiss pending before the Court on various grounds.[2] Betts, Louisville Metro, the LFL Defendants, and Wood have also filed Motions to Stay either discovery or the entire case given the pending Motions to Dismiss and/or the ongoing criminal prosecutions against Wood and Betts. The purpose of the instant memorandum opinion and order is to address these Motions to Stay.

In his Motions to Stay, Betts asked the Court to stay discovery in this case while the state criminal proceedings are pending.[3] (DNs 17, 215.) Betts argued that due to the ongoing criminal

---

[2] The only Defendant who has not filed a Motion to Dismiss is the Louisville Metro Police Department. *See* Wood's Motions to Dismiss (DNs 10, 79, 104, 161, 188); Louisville Metro's Motions to Dismiss (DNs 11, 61, 62, 80, 105. 135, 162, 185); Betts's Motions to Dismiss (DNs 12, 63, 81, 107, 139, 163, 190); Julie Schmidt's Motions to Dismiss (DNs 13, 82); Curtis Flaherty's Motions to Dismiss (DNs 14, 65, 85, 108, 140, 166); the LFL Defendants' Motions to Dismiss (15, 64, 84, 106, 136, 167, 186, 187); Matthew Gelhausen's Motion to Dismiss (DN 16); Bradley Schumann's Motion to Dismiss (DN 22); Paul Brandon Paris's Motion to Dismiss (DN 83); Casey Scott's Motion to Dismiss (DN 168).

[3] In his initial Motion to Stay (DN 17), Betts appeared to ask the Court to stay all discovery in the case pending the conclusion of his criminal proceedings. However, in his most recent consolidated Motion to Stay, he only asks the Court to "stay discovery as to Mr. Betts until his criminal proceedings are closer to resolution." (DN 215, at PageID # 8257.)

proceedings, he would be unable to adequately defend himself in a civil action. (DN 17 at PageID # 863; DN 215 at PageID # 8256.) He also pointed out that unlike in a criminal case, the Parties to this civil litigation would be able to ask the Court for an adverse inference should he assert his Fifth Amendment privilege against self-incrimination. (DN 17 at PageID # 863.) In the alternative, Betts argued that at the very least discovery should be stayed pending resolution of Betts's outstanding Motion to Dismiss. (DN 17 at PageID # 868; DN 215 at PageID # 8257-58.) Betts also filed a supplement to his most recent Motion to Stay (DN 215) to inform the Court that he had been indicted on federal charges. (DN 216.) However, as noted above, Betts has since pleaded guilty to the federal charges and is scheduled to be sentenced in March 2019. DN 25, *United States v. Betts*, No. 3:18-cr-00176-DJH (W.D. Ky. Nov. 6, 2018).

In his Motions to Stay, Wood echoed Betts's arguments regarding the potential prejudice to him in the instant civil should he invoke his Fifth Amendment privilege against self-incrimination due to the pending state prosecution. (DN 21, at PageID # 899.)[4] However, Wood's proposed stay is broader than that proposed by Betts, as Wood asked the Court to "stay *all* discovery in this matter pending the outcome of the criminal prosecution against him in Jefferson Circuit Court." (*Id.* at PageID # 901.) Wood also argued that, in the alternative, the Court should stay discovery pending the resolution of the Motions to Dismiss given those Motions could "theoretically" resolve the case in its entirety and avoid "unnecessary discovery." (DN 39, at PageID # 1882.)

In their Motions to Stay, the LFL Defendants argued that discovery should be stayed until after the Court has ruled on the Defendants' pending Motions to Dismiss. (DN 20, at PageID #

[4] Wood filed his Motion to Stay in five separate cases prior to the consolidation. (DNs 21, 95, 124, 177, 189.) However, his arguments in each Motion are nearly identical. While the Court has reviewed each Motion, it will cite only to Wood's initial Motion (DN 20).

881.)[5] The LFL Defendants argued that because their Motion to Dismiss could dispose of the Plaintiffs' claims as to them altogether, a stay of discovery is appropriate. (DN 20, at PageID # 886.) The LFL Defendants cited in support to the fact that the Boy Scouts of America and Lincoln Heritage Council were dismissed by Judge Cunningham in Jefferson Circuit Court prior to the addition of federal claims and removal to this Court. (DN 76, at PageID # 3068.) The LFL Defendants also argued that the case should be stayed pending the resolution of the state criminal proceedings against Defendants Betts and Wood. (DN 20, at PageID # 886-89.) The LFL Defendants stated that failure to stay the proceedings will prejudice the LFL Defendants because the other Defendants have more knowledge concerning the allegations than the LFL Defendants, and without the participation of Betts and Wood in discovery, the LFL Defendants will have a lesser opportunity to plan and execute discovery. (DN 20, at PageID # 889.)

In its Motion to Stay, Louisville Metro asked the Court to stay discovery pending a ruling on its Motion to Dismiss because its Motion included several defenses including sovereign immunity. (DN 19.) Louisville Metro argued that a ruling on that Motion will govern whether discovery is necessary at all

In response, Plaintiffs argued that a stay of discovery was not appropriate generally but stated that at the very least discovery should proceed as to those Defendants not subject to criminal proceedings. (DNs 25, 211, 217.) The Plaintiffs expressed concern over the potential delay a stay would inject into this proceeding and noted uncertainty regarding how long the criminal proceedings against Betts and Wood would take to resolve. (DN 25, at PageID #985.)

[5] The LFL Defendants also filed Motions to Stay in six separate cases prior to the consolidation. (DNs 20, 67, 90, 111, 145, 171.) As with Defendant Wood, the LFL Defendants' arguments in each Motion are nearly identical. Again, though the Court has reviewed each filing by the LFL Defendants, it will cite primarily to the LFL Defendants' Initial Motion (DN 20).

## DISCUSSION

While the instant Motions to Stay were filed on various grounds, Betts, Wood, the LFL Defendants, and Louisville Metro all ask for a stay of discovery because of either the pending criminal proceedings against Betts and Wood or the pending Motions to Dismiss filed by the Defendants. Because the legal standard to be considered by the Court is different in each case, the Court will address these arguments separately below.

### I. Criminal Proceedings

"[N]othing in the Constitution requires that a civil action be stayed in the face of a pending or impending criminal indictment." *FTC v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 627 (6th Cir. 2014) (quoting *Chao v. Fleming*, 498 F. Supp. 2d 1034, 1037 (W.D. Mich. 2007)). Accordingly, district courts have broad discretion in determining whether a civil action should be stayed due to pending or impending criminal proceedings. *Id.* In determining whether to stay civil proceedings, the Sixth Circuit has held that a district court should consider the following factors:

(1) the extent to which the issues in the criminal case overlap with those presented in the civil case;
(2) the status of the case, including whether the defendants have been indicted;
(3) the private interests of the plaintiffs in proceeding expeditiously, weighed against the prejudice to plaintiffs caused by the delay;
(4) the private interests of and burden on the defendants;
(5) the interests of the courts; and
(6) the public interest.

*Id.* In addition to these factors, a district court should also consider "the extent to which the defendant's [F]ifth [A]mendment rights are implicated" and "whether granting the stay will further the interest in economical use of judicial time and resources." *Id.* (quoting *Keating v. Office of Thrifty Supervision*, 45 F.3d 322, 324 (9th Cir. 1989) and *Int'l Bd. of Elec. Workers v. AT&T Network Sys.*, 879 F.2d 864 (6th Cir. 1989) (unpublished)). The burden to demonstrate a stay is

on the party seeking the stay. *Id.* The Court will now apply the six factors set forth above to the circumstances presented by the instant Motions to Stay.

As to the first factor, the overlap between the criminal and civil cases, Plaintiffs argued that there is no overlap between the issues in the criminal proceedings against Betts and Wood and the instant civil proceedings. (DN 25, at PageID # 984; DN 211, at PageID # 8222-23.) The Court disagrees. Both Plaintiffs' Complaints and the pending criminal charges against Betts and Wood are related to the Explorer Program and the conduct of those Defendants during the same. This is a sufficient factual overlap for this factor to weigh in favor of a stay of proceedings. Plaintiffs cite to no case law requiring the overlap be precise. The Court finds that there is sufficient overlap such that Wood and Betts may be compelled to assert their Fifth Amendment privilege against self-incrimination in the civil action to protect their interests in the criminal action. Accordingly, the first factor weighs in favor of a stay as to Wood and Betts.

As to the second factor, the status of the case, both Wood and Betts have been indicted. This is not a case in which there is merely a pending criminal investigation of unknown status against a party in a civil action. Courts have held that a stay in a civil case is most appropriate where a party to the civil case has already been indicted. *See E.M.A. Nationwide*, 767 F.3d at 628 (quoting *Trs. of Plumbers & Pipefitters Nat. Pension Fund v. Transworld Mechanical*, 886 F. Supp. 1134, 1139 (S.D.N.Y. 1995)); *Boerste v. Ellis, LLC*, No. 3:17-cv-298-GNS, 2017 WL 6377976, at *3 (W.D. Ky, Dec. 12, 2017). Plaintiffs argued in their original responses that it was unclear when the criminal proceedings against Wood and Betts would be resolved. (DN 25, at Page ID #986; DN 211, at Page ID # 8224.) While it is impossible to be certain when the proceedings will be resolved, both Betts and Wood have upcoming court appearances in the next two months that could provide a better indication as to how long the criminal proceedings will last.

Plaintiffs' concerns might be a reason to lift a stay at a later date but do not outweigh the appropriateness of a stay at present. The Court finds that the second factor weighs in favor of a stay.

As to the third factor, the plaintiff's interest, the Court recognizes that Plaintiffs have an interest in the expeditious resolution of this litigation and that a stay of discovery impedes that interest to some extent. However, any prejudice to Plaintiffs under this factor is limited by instituting a stay of discovery only as to those Defendants presently criminally indicted. Staying discovery as to Wood and Betts alone would still leave numerous Defendants from whom Plaintiffs could take discovery and move the litigation forward while waiting for the criminal proceedings against Wood and Betts to be resolved. Plaintiffs could also take discovery from nonparties while a stay as to Betts and Wood is in effect. Given the availability of numerous other Parties for discovery, the Court finds that the third factor weighs in favor of a stay at this time.

The fourth factor, the private interest of and burden on the Defendants, also weighs in favor of a stay at least as to Defendants Wood and Betts. It would be a burden for Wood and Betts to sit for a deposition in the civil case, during which they would presumably assert their Fifth Amendment privileges, and then have to reconvene the depositions at a later date. This factor does not, however, weigh in favor of a stay as to those Defendants not presently involved in criminal proceedings. For example, the Court is unpersuaded by the LFL Defendants' argument that failure to stay the proceedings entirely will prejudice the LFL Defendants because the other Defendants have more knowledge concerning the allegations than the LFL Defendants, and without the participation of Betts and Wood in discovery, the LFL Defendants will have a lesser opportunity to plan and execute discovery. (DN 20, at PageID # 889.) In essence, the LFL Defendants ask the

Court to presume the claims against them are unfounded and they need discovery from other "bad actors" to adequately defend themselves. The Court will not do so.

Both the fifth factor, the Court's interest, and the sixth factor, the public interest, weigh in favor of a stay at least as to Betts and Wood. A stay would avoid the Court having to handle disputes regarding assertions by Wood or Betts of their Fifth Amendment privilege against self-incrimination. It is in the public interest for Court resources to be used efficiently, and avoiding disputes regarding Betts's and Wood's Fifth Amendment rights preserves the time of the Court to supervise and assist with other discovery issues.

Having considered all the factors, the Court finds that a stay of discovery as to Wood and Betts only is warranted. Wood and Betts have met their burden of showing that there is a pressing need for delay and that neither the other Parties nor the public will suffer harm from entry of the instant order. Accordingly, the Motions to Stay will be **GRANTED IN PART** and **DENIED IN PART** insofar as the Court will not grant a stay of the entire action or a stay as to any Defendant not currently involved in parallel criminal proceedings. The Court will require Wood and Betts to file periodic status reports as described more fully below so that the Court is kept apprised of the status of the criminal proceedings and when the same are resolved.

## II. Motions to Dismiss

Several Defendants have asked that discovery be stayed pending resolution of their respective Motion to Dismiss. "Trial courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999); s*ee also Bangas v. Potter*, 145 Fed. App'x 139, 141 (6th Cir. 2005). In assessing a motion to stay discovery, the Court is required to weigh "the burden of proceeding with discovery upon the party from whom discovery is sought against the hardship

which would be worked by a denial of discovery." *Baker v. Swift Pork Co.*, No. 3:15-CV-663-JHM, 2015 WL 6964702, at *1 (W.D. Ky. Nov. 10, 2015) (quoting *Williamson v. Recovery Ltd. P'ship*, No. 2:06-CV-0292, 2010 WL 546349, at *1 (S.D. Ohio Feb. 10, 2010) (additional citation omitted)). Generally, "the filing of a case dispositive motion is insufficient to warrant a stay of discovery." *Brown v. Danson Inc.*, No. 1:11-cv-820, 2012 WL 3600100, at *2 (S.D. Ohio Aug. 21, 2012); *see also Baker*, 2015 WL 6964702 at *2-3. While the Court has discretion to stay a case, no party has cited to any authority requiring the Court to do so.

Louisville Metro argued that staying discovery pending a ruling on the Motions to Dismiss is particularly appropriate given that Louisville Metro has asserted sovereign immunity as a defense. (DN 19, at Page ID # 877.) While prior cases demonstrate that a stay of discovery may be appropriate where a party has asserted sovereign immunity as a defense, *Garceau v. City of Flint*, No. 12-15513, 2013 U.S. Dist. LEXIS 35151, *3 (E.D. Mich. Mar. 14, 2013), even some discovery may be permitted where sovereign immunity is asserted. *See Alspaugh v. McConnell*, 643 F.3d 162, 168 (6th Cir. 2011) ("[W]e did not hold that any time qualified immunity is asserted it is proper to dismiss on that ground prior to allowing any discovery."). *See also McMillen v. Windham*, No. 3:16-cv-558-CRS, 2018 WL 652830 (W.D. Ky. Jan. 31, 2018). This alone is, therefore, insufficient to justify a stay.

The general argument advanced by the remaining Defendants in support of their Motions is that simply because the Motions to Dismiss could be granted and obviate the need for discovery, discovery should be stayed. The undersigned notes that the District Judge assigned to this matter will issue a ruling on the Motions to Dismiss, and it is not patently apparent whether those Motions will be granted or denied. Regardless of likelihood of success on the Motions, Plaintiffs, the Court, and the public have an interest in the case moving forward. The Court further notes that given the

number of Parties involved in this case, discovery could take a significant amount of time to complete. Accordingly, the Court finds that various interests in moving the case forward outweighs the burden to Defendants of participating in discovery. This is especially true given the likelihood that even dismissed Defendants would be forced to respond to non-party discovery because of the nature of the allegations at issue in this case. Therefore, the Motions to Stay discovery pending a ruling on the Motions to Dismiss will be **DENIED**.

**ORDER**

Accordingly,

IT IS HEREBY ORDERED as follows:

(1) Betts's Motions to Stay (DNs 17, 215) and Wood's Motions to Stay (DNs 21, 95, 124, 177, 189) are **GRANTED IN PART** and **DENIED IN PART**. All pending and future discovery propounded on Wood or Betts is STAYED pending the conclusion of their respective criminal cases.

(2) Wood shall file a status report on or before **March 1, 2019**, and every sixty (60) days thereafter, regarding the status of the criminal proceedings against him.

(3) Betts shall file a status report on or before **March 25, 2019**, and every sixty (60) days thereafter, regarding the status of the state and federal criminal proceedings against him.

(4) Louisville Metro's Motion to Stay (DN 19) is **DENIED**.

(5) The LFL Defendant's Motions to Stay (DNs 20, 67, 90, 111, 145, 171) are **DENIED**.

Colin H Lindsay, Magistrate Judge
United States District Court

cc: Counsel of record

January 11, 2019