UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:18-CV-151-RGJ-CHL

B.L., et al.,                                                                                         Plaintiffs,

v.

BRADLEY SCHUHMANN, et al.,                                                       Defendants.

## MEMORANDUM OPINION AND ORDER

Before the Court are the briefs filed by Defendant, Brandon Wood ("Wood") (DN 356); Defendant, Kenneth Betts ("Betts") (DN 359); and Plaintiffs (DN 358) in compliance with the Court's November 6, 2019, Order (DN 355). At the Court's November 5, 2019, status conference, the Court and the Parties discussed a discovery dispute between Plaintiffs and Defendants Wood and Betts. (DN 355.) Because the Parties were unable to reach a compromise, the Court directed the Parties to submit briefs on the issue, and the Parties did so as directed. The Court now construes Plaintiffs' brief (DN 358) as a Motion to Compel pursuant to Fed. R. Civ. P. 37(a)(3)(B)(iv). Because the Parties were ordered to submit briefs on or before a unified deadline, the motion is ripe for decision.

For the reasons set forth below, Plaintiffs' Motion to Compel (DN 358) is **GRANTED IN PART** as set forth below.

### I.    BACKGROUND

These consolidated matters arise from Plaintiffs' allegations of sexual abuse while participating in the Explorer Program. The Defendants in these cases include former Louisville Metro Police Officers Betts and Wood, both of whom faced federal and state criminal charges and are currently serving terms of imprisonment. In discovery requests propounded to Betts and

Wood, Plaintiffs requested copies of all discovery produced to either Betts or Wood in the state and federal criminal cases filed against each. (DN 359, at PageID # 9635.) Betts refused to produce the discovery. (DN 359, at PageID # 9635.) Wood represented that he provided counsel with all documents over which he ever had "practical control" responsive to the request and that those documents have been turned over to Plaintiffs. (DN 356, at PageID # 9621.)

In their motion, Plaintiffs argued that the criminal discovery materials sought are relevant and material to this action because of the overlap between the various criminal cases and Plaintiffs' allegations in the instant action. (DN 358, at PageID # 9626-27.) In response, Betts argued that the request was overbroad in that the criminal discovery would likely contain non-relevant information about victims who have never been identified outside of the criminal investigation and are not Parties in the instant case. (DN 359, at PageID # 9636-37.) Betts also argued that neither he nor his civil attorneys were in possession of the discovery sought because the same was in the hands of his criminal counsel. (DN 359, at PageID # 9639.) In his response, Wood also cited concerns about the sensitive nature of the materials and echoed Betts's objection regarding the criminal discovery not being fully within his possession. (DN 356, at PageID # 9620-21.) Both Wood and Betts argued that Plaintiffs could obtain the discovery they seek by other means. (DN 359, at PageID # 9639; DN 356, at PageID # 9620-21.)

## II. DISCUSSION

### A. Legal Standard

Trial courts have wide discretion in dealing with discovery matters. *See S.S. v. E. Ky. Univ.*, 532 F.3d 445, 451 (6th Cir. 2008) (quoting *Chrysler Corp. v. Fedders Corp.*, 643 F.2d 1229, 1240 (6th Cir. 1981)). Fed. R. Civ. P. 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the

needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). This language is broadly construed by the federal courts to include "any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). The scope of discovery is not without limits, however. In assessing whether information is within the scope of discovery, the Court is directed to consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Further, on motion or on its own, the Court may limit discovery that is unreasonably cumulative or duplicative; may be obtained from a less burdensome or expensive source; is outside the scope of discovery; or that a party has already had an opportunity to obtain in the action. *Id.* at 26(b)(1)(2)(C).

Federal Rule of Civil Procedure 37 allows a party to move for an order compelling disclosure or discovery when "a party fails to answer an interrogatory submitted under Rule 33" or "fails to produce documents . . . as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iii), (iv). Under Rule 37, an "evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). When an objection to relevance is raised, the party seeking discovery must demonstrate that the requests are relevant to the claims or defenses in the action. *Anderson v. Dillard's, Inc.*, 251 F.R.D. 307, 309-10 (W.D. Tenn. 2008). If that party demonstrates relevancy, the burden shifts to the party resisting discovery to demonstrate why the information or documents are not discoverable under the Federal Rules. *Id.*

B.     Analysis

The Court will first address Betts's and Wood's contention that the criminal discovery sought is not within their possession, custody, or control because it is in the possession of their criminal attorneys. The Court disagrees. In response to a request for production under Fed. R. Civ. P. 34, a party is only required to produce items within "the responding party's possession, custody, or control". Fed. R. Civ. P. 34(a)(1). "[F]ederal courts have consistently held that documents are deemed to be within the 'possession, custody or control' for purposes of Rule 34 if the party has *actual* possession, custody or control, or has the legal right to obtain the documents on demand." *In re Bankers Trust Co.*, 61 F.3d 465, 469 (6th Cir. 1995); *see also Congress v. Tillman,* No. 09-cv-10419, 2009 WL 3627996, at *3 (E.D. Mich. Oct. 30, 2009) (quoting *Scott v. AREX, Inc.*, 124 F.R.D. 39, 41 (D. Conn. 1989)) ("A party controls a document that it has the right, authority, or ability to obtain upon demand."). Because Betts and Wood would have the right to request a copy of their file, which would include the criminal discovery, from their criminal defense attorneys, the Court finds that the criminal discovery in the possession of their criminal defense attorneys is within Betts's and Wood's possession, custody, or control.[1]

As to the relevance of the documents requested, the Court finds that the criminal discovery requested by Plaintiffs' is relevant to the Plaintiffs' claims in this action. As the Court found in ruling on Defendants' Motions to Stay, the criminal cases against Betts and Wood were related to the Explorer Program and the conduct of those Defendants during the same. (DN 227, at PageID # 8331.) Plaintiffs allege in these cases that Defendants Betts and Wood "sexually abused and/or failed to prevent sexual abuse while volunteering in the Explorer Program." (DN 358, at PageID

---

[1] Betts specifically requested that the Court issue an order requiring his criminal attorney to produce the documents. The Court declines to do so. Betts's criminal attorney is not a party to this action. Moreover, the Court sees no need to order an attorney to produce materials a client has a right to request.

4

# 9626-27.) Though to some extent the Parties are speculating because neither Betts's counsel nor Wood's counsel have reviewed the requested criminal discovery, their briefs indicated that the criminal discovery relates to both the Explorer Program generally and the specific allegations against Betts and Wood in their separate criminal actions. (DN 359, at PageID # 9620.) Therefore, the Court finds that the criminal discovery falls within *Oppenheimer Fund*'s definition of relevance. Both Betts and Wood argued that because the criminal cases involved more victims than the seven plaintiffs in these consolidated cases, only the information related to the instant Plaintiffs is relevant. The Court does not agree and finds that evidence of wrongdoing or other conduct by Betts and Wood bears on Plaintiffs' claims in these cases so as to make it discoverable here. Accordingly, the Court finds that Plaintiffs have met their burden of demonstrating the material sought is relevant. The burden shifts to Wood and Betts to demonstrate some other reason the material is not discoverable. *Anderson*, 251 F.R.D. at 309-10.

Betts argued that the request for criminal discovery is not proportional to the needs of the case given that the discovery is not relevant, the Plaintiffs could obtain the relevant information through less burdensome means, and the burden and expense of the proposed discovery outweighs its likely benefit. (DN 359, at PageID # 9638.) These arguments are not persuasive. First, the Court already concluded that the criminal discovery is relevant above. Second, though Betts argued that Plaintiffs could obtain the criminal discovery through other means such as "witness interviews, obtain witness statements, and access their client's messages sent over text or through social media," those devices do not appear to be a substitute for the discovery sought here as Plaintiffs have no way to know whether those options will actually yield all the information that would be provided in the criminal discovery. (*Id.* at 9639.) In truth, it is not clear that Betts and Wood have any reason to know either because given their argument that the criminal discovery is

5

not within their possession, the Court has no indication that Betts's and Wood's counsel in this action have reviewed the discovery in its entirety to be able to assure the Court that the information therein is obtainable through other means. Finally, as to the burden on Betts and Wood, both appear to argue that because the records were voluminous, producing the same would be a burden. However, discovery is not objectionable merely because the requested documents are voluminous. Betts and Wood offered no specific detail regarding the number of pages at issue or the cost to make a copy of the materials, again, likely because they have not reviewed the discovery so as to know this information. Further, because the requested discovery appears to be self-contained and readily identifiable, the Court is not persuaded its burden, if any, outweighs the likely benefit here.

Betts's and Wood's last objection to producing the requested material stems from the sensitive nature of the content thereof and the fact that the discovery will likely identify individuals who are not parties to this action and who were minors at the time of the relevant events. They requested that the Court limit discovery of the same given the sensitive nature of the requested material. Betts and Wood provided no authority to support that the sensitive nature of the material makes it entirely non-discoverable. Instead, Betts and Wood merely cited to Fed. R. Civ. P. 26(b)(2)(C), which on its face does not apply to the concern about the "sensitive" nature of the information. However, in light of the nature of Plaintiffs' allegations, the charges against Betts and Wood,[2] and the likelihood that the criminal discovery will identify non-parties to this action who were or are alleged to have been victims of sexual abuse, the Court finds that the proposed discovery is disproportionate to the needs of the case at this stage insofar as it will *identify* non-party victims who have not chosen to participate in this action. Accordingly, the Court will order

---

[2] Wood faced multiple charges of sexual abuse in Jefferson Circuit Court and attempted enticement of a minor in federal court. Betts faced charges of sodomy in Jefferson Circuit Court and charges of attempted enticement of a minor, enticement of a minor, transfer of obscene material to a minor, possession of child pornography, and distribution of child pornography in federal court.

6

production of the criminal discovery but will direct Betts and Wood to redact any personally-identifying information of any non-party victim.

## III. ORDER

Accordingly, IT IS HEREBY ORDERED that Plaintiffs' Motion to Compel (DN 358) is **GRANTED IN PART**. Betts and Wood shall produce the requested discovery on or before **February 6, 2020**, and shall redact the personally identifying information of any non-party victim.

*Colin H Lindsay, Magistrate Judge*
*United States District Court*

cc: Counsel of record

January 7, 2020