**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**
**CIVIL ACTION NO. 3:18-CV-151-RGJ-CHL**

**B.L., et al.,**                                                                                              **Plaintiffs,**

**v.**

**BRADLEY SCHUHMANN, et al.,**                                                          **Defendants.**

**MEMORANDUM OPINION AND ORDER**

Before the Court is the Objection to Subpoena, Motion to Quash, and Motion for Costs (DN 381), as supplemented (DN 442), filed by non-party McNary & Associates, LLC d/b/a/ McNary Group ("McNary Group"). Plaintiffs filed a response (DN 451), and McNary Group filed a reply (DN 467). Therefore, this matter is ripe for review.

For the reasons set forth below, McNary Group's Objection to Subpoena, Motion to Quash, and Motion for Costs (DN 381) is **DENIED**.

**I.      FACTUAL BACKGROUND**

These matters arise from Plaintiffs' allegations of sexual abuse while participating in the Explorer Program. McNary Group is a consulting services company and provided consulting services to Defendant City of Louisville, Louisville/Jefferson County Metro Government ("Louisville Metro") regarding Louisville Metro's youth protection policies. (DN 381, at PageID # 9717.) On December 2, 2019, Plaintiffs served a subpoena on McNary Group requesting six categories of documents as follows:

1. All correspondence with Louisville Metro Police Department, including but not limited to emails or text m[e]ssages;

2. All correspondence with Louisville/Jefferson County Metro Government, including but not limited to emails or text m[e]ssages;

     3.     All correspondence related to the January 2018 Consultant's Report entitled "An Inquiry Into Louisville Metro Government Youth Protection Policy", [*sic*] including but not limited to emails or text m[e]ssages;

     4.     All documents, electronically stored information or recordings related to the January 2018 Consultant's Report entitled "An Inquiry Into Louisville Metro Government Youth Protection Policy";

     5.     All time sheets, invoices, or receipts for payment related to the January 2018 Consultant's Report entitled "An Inquiry Into Louisville Metro Government Youth Protection Policy";

     6.     All contracts, proposals, scopes of work, requests for proposals, or other documents related to the contract for the January 2018 Consultant's Report entitled "An Inquiry Into Louisville Metro Government Youth Protection Policy". [*sic*]

(DN 381-1, at PageID # 9730.)  McNary Group's sole owner and principal, Lacy McNary ("McNary"), indicated that she was served with the subpoena by a person who said she was a bailiff with the court and that when she received a copy of the subpoena, it did not have page three of form AO 88B attached, which contains the text of Fed. R. Civ P. 45(d)-(e) as required by Fed. R. Civ. P. 45(a)(1)(A)(iv).  (DN 381-2, at ¶¶ 1-4.)

In response, McNary Group filed the instant motion arguing that Plaintiffs had failed to take reasonable steps to avoid imposing an undue burden on McNary Group, the subpoena failed to comport with Fed. R. Civ. P. 45, and the subpoena was not properly served.  (DN 381, at PageID # 9718-22.)  McNary Group also requested its costs and attorney's fees and that if the Court did not quash the subpoena, that Plaintiffs be required to bear the costs of production.  (*Id.* at 9722-24.)

After a December 19, 2019, telephonic status conference with the Court, the Court directed Plaintiffs, McNary Group, and Louisville Metro to confer in an attempt to resolve the dispute without Court intervention.  (DNs 400, 411.)  In furtherance of that process and after receiving

discovery from Louisville Metro, Plaintiffs narrowed the scope of their request to just three categories of information:

    1.    All of McNary Group's communications from March 1, 2017 to the present with the contacts or agencies at Louisville related to the review or modification of Louisville's child protection policies, including but not limited to the policies of the LMPD, except those already produced by [Louisville Metro];

    2.    All of McNary Group's communications from March 1, 2017 to the present with any third party (including but not limited to other contractors or other municipalities) related to the review or modification of Louisville's child protection policies, including but not limited to the policies of the LMPD, except those already produced by [Louisville Metro]; and

    3.    All internal communications of McNary Group from March 1, 2017 to the present related to the review or modification of Louisville's child protection policies, including but not limited to the policies of the LMPD.

(DN 442, at PageID # 10,036.) When the Plaintiffs and McNary Group reported that despite their efforts, they were unable to resolve their dispute (DN 433), the Court deemed timely-filed McNary Group's supplement to its motion, directed Plaintiffs to file a response to the supplemented motion, and allowed McNary Group additional time to file a reply (DN 443).

## II.    ANALYSIS

### A.    Legal Standard

Fed. R. Civ. P. 26(b) governs the scope of discovery. Fed. R. Civ. P. 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). This language is broadly construed by the federal courts to include "any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). "When faced with questions over, or disputes about, what information or documents may be obtained based on their relevancy,

it is axiomatic that the trial court is afforded broad discretion to determine the boundaries of inquiry." *Janko Enters. v. Long John Silver's, Inc.*, No. 3:12-cv-345-S, 2013 WL 5308802, at *2 (W.D. Ky. Aug. 19, 2013) (citing *Chrysler v. Fedders Corp.*, 643 F.2d 1229, 1240 (6th Cir.1981)). However, either on motion or on its own, the Court must limit discovery that is unreasonably cumulative or duplicative; that can be obtained from another "more convenient, less burdensome, or less expensive" source; that the seeking party has had ample opportunity to obtain; or that is outside the scope permitted by Fed. R. Civ. P. 26(b)(1). Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii).

Fed. R. Civ. P. 45 allows parties, *inter alia*, to command a nonparty to appear at a certain time and place to testify or produce documents. Fed. R. Civ. P. 45(a)(1)(A)(iii). Although irrelevance or overbreadth are not specifically listed under Rule 45 as a basis for quashing a subpoena, courts "have held that the scope of discovery under a subpoena is the same as the scope of discovery under Rule 26." *Hendricks v. Total Quality Logistics*, 275 F.R.D. 251, 253 (S.D. Ohio 2011). The Court must quash any subpoena that imposes an undue burden or expense on the person subject to the subpoena, fails to allow reasonable time to comply, requires compliance beyond the geographic limits of Rule 45, or requires disclosure of "privileged or other protected matter, if no exception or waiver applies." Fed. R. Civ. P. 45(d)(1), (d)(3)(A)(i)-(iv). The Court may quash or modify any subpoena that requires disclosure of a "trade secret or other confidential research, development, or commercial information" or certain information or opinions from an unretained expert. Fed. R. Civ. P. 45(d)(3)(B)(i)-(ii). However, under such circumstances, in lieu of quashing or modifying the subpoena, the Court may order production under specified conditions upon a showing by the party who served the subpoena of substantial need and that the subpoenaed person will be reasonably compensated. Fed. R. Civ. P. 45(d)(3)(C)(i)-(ii). Other than the showing

required by Fed. R. Civ. P. 45(d)(3)(C), the "party seeking to quash a subpoena bears the ultimate burden of proof." *Hendricks*, 275 F.R.D. at 253.

### B. Analysis

#### 1. Scope of Discovery Under Rule 26

The Court will first assess whether the subpoena is proper under Fed. R. Civ. P. 26(b). McNary Group argued that its services—including the interim reports, final reports, and presentation slides regarding Louisville Metro's youth protection policies—are not relevant because they were all provided after the events described in the Plaintiffs' Complaints. (DN 381, at PageID # 9717; DN 381-2, at ¶ 5; DN 442, at PageID # 10,036.) While it does not appear Plaintiffs dispute this fact, McNary Group fails to recognize that any changes Louisville Metro made to its youth protection policies after the fact could demonstrate what Louisville Metro was or was not doing and why at the time of the conduct at the core of Plaintiffs' Complaint. McNary Group also argued that Plaintiffs were improperly trying to obtain an expert opinion regarding the applicable standard of care from McNary Group and that the Court should require Plaintiffs instead to retain their own expert. (DN 442, at PageID # 10,037-38.) McNary Group's argument is misplaced. Again, what advice McNary Group gave Louisville Metro relates factually to the policies Louisville Metro either did or did not have in place and the reasons therefor at the time of the events described in Plaintiffs' Complaints. This is true even if, as McNary Group argues, it "is not a witness to any of the underlying facts in this case." (*Id.* at 10,037.) Accordingly, the Court finds that the requested materials bear on matters at issue in this case and are thus relevant and otherwise discoverable under Rule 26(b)(1). Fed. R. Civ. P. 26(b)(1); *Oppenheimer Fund*, 437 U.S. at 351.

McNary Group also argued that all documents requested by Plaintiffs are duplicative of documents that could be obtained from Louisville Metro, a named party in the lawsuit. (DN 381, at PageID # 9719; *see* DN 442, at PageID # 10,039 ("There is nothing in Plaintiffs' request . . . that Plaintiffs cannot get from Louisville Metro, making the request to McNary Group for the same information duplicative and unnecessarily costly.").) However, its own filings are not consistent on this point. McNary represented in Paragraph 13 of her affidavit that "[a]ll of the documents requested in the [s]ubpoena that McNary Group has regarding past and current Louisville Metro youth protection policies and procedures have been either received from or provided to Louisville Metro; therefore Louisville Metro should have them in its possession." (DN 442-1, at ¶ 13.) However, McNary went on to represent that "[t]he communications and documents requested by the modified [s]ubpoena vastly outnumber the communications and documents identified in Paragraph 13 . . . ." (*Id.* at ¶ 15.) The latter appears to admit that additional documents requested by the subpoena remain in McNary Group's possession. Looking at the three requests in the subpoena as modified, it is not clear to the Court that the requests are wholly duplicative of materials that would be in the possession of Louisville Metro given that the modified subpoena requested McNary Group's internal communications and communications with third parties. Accordingly, the Court finds that the documents requested in the modified subpoena are not unreasonably duplicative and that there is no reason for the Court to limit discovery pursuant to Fed. R. Civ. P. 26(b)(2)(C).

### 2. Rule 45(d)(3)(A)

Having assessed the discoverability of the documents requested in the modified subpoena pursuant to Fed. R. Civ. P . 26(b), the Court will now assess the whether the Court may or is required to quash the subpoena pursuant to various provisions of Fed. R. Civ. P. 45. McNary

Group's motion inadequately distinguished between the various grounds for quashing a subpoena and which grounds require this Court to do so versus which grounds permit this Court to do so. As explained above, the court must quash a subpoena that imposes an undue burden or expense on the person or entity subject to it. Fed. R. Civ. P. 45(d)(1), (d)(3)(A)(iv). The Sixth Circuit has explained that a court should assess whether a subpoena constitutes an undue burden "in a case-specific manner considering 'such factors as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed.'" *In re: Modern Plastics Corp.*, 890 F.3d 244, 251 (6th Cir. 2018) (quoting *Am. Elec. Power Co., Inc. v. United States*, 191 F.R.D. 132, 136 (S.D. Ohio 1999)). In making that assessment, "[c]ourts must 'balance the need for discovery against the burden imposed on the person ordered to produce documents,' and the status of that person as a non-party is a factor." *Id*.

McNary Group argued that compliance with the subpoena would impose an undue burden because it would cost significant time and expense to produce responsive documents. (DN 381, at PageID # 9716.) However, McNary Group offered no specific support for its contention in terms of how many responsive documents were in its possession or how long it would take to compile them for production. Instead, McNary merely stated in her affidavit that compliance would be "extremely burdensome" (DN 381-2, at ¶ 6) and that she could not "provide an accurate estimate of how much time would be required, other than to prevent neglecting the business, I would have to work evenings and weekends, perhaps for several weeks" (DN 442-1, at ¶ 15). However, "[s]uch conclusory statements, in the absence of supporting evidence, do not warrant the refusal to enforce a validly issued subpoena." *Bariteau v. Krane*, 206 F.R.D. 129, 131 (W.D. Ky. 2001). McNary Group gives the Court no reason to believe that it has truly attempted to

7

identify the documents or the potential sources of documents requested by Plaintiffs or that it cannot provide an accurate estimate of how long it will take to compile and produce the requested documents. Accordingly, the Court finds that McNary Group has not met its burden of demonstrating that production of the requested documents would require significant expense or time.

McNary Group also argued that the subpoena imposed an undue burden because of the potential impact the same would have on its business. McNary Group said that providing the requested documents "would jeopardize McNary Group's current business relationships and may negatively affect future business opportunities for McNary Group." (DN 381, at PageID # 9717.) It emphasized that as a consultant, its business relationships are based on trust and that requiring it to produce evidence and/or testify against its client, Louisville Metro, "would almost certainly poison the relationship between" them. (DN 442, at PageID # 10,039.) It represented that it relied on referrals that it would likely lose if forced to provide the documents requested. (*Id.*). However, McNary Group provided nothing more than mere speculative harms as to the potential impact of the subpoena. McNary Group likewise provided no examples of cases in which a court has concluded that the impact it described constituted an undue burden in the face of a request for relevant documents. Rule 45 only requires the Court to avoid imposing an "undue burden" on a third party like McNary Group, it does not require the Court to avoid imposing any burden whatsoever. Given that Plaintiffs have identified a relatively narrow group of relevant documents from a limited time period in McNary Group's possession that Plaintiff's cannot obtain in any

other way, the Court finds that McNary Group has not established that Plaintiffs' requests constitute an undue burden in this context.[1]

McNary Group also argued that the subpoena should be quashed because compliance would require McNary Group to breach a "confidentiality agreement" between itself and its client, Louisville Metro. (DN 381, at PageID # 9717, 9719.) McNary Group attempted to cite to Fed. R. Civ. P. 45(d)(3)(A)(iii), which requires a court to quash or modify a subpoena that would require disclosure of "privileged or other protected matter." Fed. R. Civ. P. 45(d)(3)(A)(iii). However, McNary Group provided no law in support of its position that a private confidentiality agreement constitutes "privileged or other protected matter" within the meaning of the rule, nor would it make sense for parties to be able to categorically put materials beyond the reach of a court order by contract. Fed. R. Civ. P. 45(d)(3)(A) does not define the meaning of the term "privileged or other protected matter." However, elsewhere in Rule 45 where the Rule explains one's duties in responding to a subpoena, the Rule states under the heading "claiming privilege or protection" that "[a] person withholding subpoenaed information under a claim that it is privileged or subject to protection *as trial-preparation* material must . . . expressly make the claim[ ] and . . . describe the nature of the withheld documents . . . ." Fed. R. Civ. P. 45(e)(2)(A) (emphasis added). McNary Group has not provided any authority to support that the meaning of the term "privileged or protected matter" within the meaning of Fed. R. Civ. P. 45(d)(3)(A) is any broader than that scope of privileged or protected materials a party could withhold under Fed. R. Civ. P. 45(e)(2)(A). McNary Group also has not provided an explanation as to how its confidentiality agreement triggers any recognized privilege or the work product doctrine so as to protect its documents from

---

[1] In so finding, the Court is relying on the subpoena as modified by Plaintiffs to request only the three categories of documents set forth previously in this opinion. As the Court noted during a status conference on this issue, Plaintiffs' initial subpoena was substantially overbroad.

disclosure. Accordingly, the Court finds that McNary Group has not established that the subpoena must be quashed pursuant to Fed. R. Civ. P. 45(d)(3)(A)(iii).

Because McNary Group has not demonstrated that the subpoena imposes an undue burden or requires the disclosure of privileged or other protected material, the Court finds that McNary Group has failed to demonstrate that the Court is required to quash or modify the subpoena pursuant to Fed. R. Civ. P. 45(d)(1), (3)(A).[2] Though McNary Group has not established a basis to require the Court to modify or quash the subpoena, the Court will now assess whether McNary Group has offered a permissive basis for doing so pursuant to Fed. R. Civ. P. 45(d)(3)(B).

### 3. Rule 45(d)(3)(B)

McNary Group argued that the instant subpoena should be quashed because it requires disclosure of "a trade secret or other confidential research, development, or commercial information" in violation of Fed. R. Civ. P. 45(d)(3)(B)(i). (DN 381, at PageID # 9719.) McNary stated in her affidavit that "[p]roviding the information requested would result in my disclosing trade secrets, confidential research, development and commercial information of McNary Group." (DN 381-2, at ¶ 7; DN 442-1, at ¶ 7.) In response, Plaintiffs argued that McNary Group had provided nothing more than McNary's "conclusory affidavit" in support of its claim. (DN 451, at PageID # 10,086.) In its reply, McNary Group argued that it did "not have to disclose its specific trade secrets to demonstrate that such trade secrets exist, and in fact disclosing the nature of certain specific trade secrets could compromise those secrets." (DN 467, at PageID # 10,144.) However,

---

[2] McNary Group also argued that the subpoena should be quashed because as served it did not contain the information required by Fed. R. Civ. P. 45(a)(1)(A)(iv). (DN 381, at PageID # 9720-21.) However, it does not appear that any provision of Rule 45 requires a Court to quash a subpoena that fails to set out the text of Rule 45(d)-(e). Nor did McNary cite any binding authority from this Circuit requiring the same. The Court declines to find that there was any bad faith or resulting prejudice in the omission of those provisions or any other reason to quash the subpoena on that basis, in part because McNary Group was aware of its rights under Rule 45(d) given that it filed the instant motion to quash.

10

McNary Group's only description of its trade secrets was "the compilations of information used in its business." (*Id.*)

The Court finds that McNary Group's assertions are insufficiently vague to allow the Court to conclude the subpoena requests disclosure of trade secrets. *Raymond James & Assocs., Inc. v. 50 N. Front St., TN, LLC*, No. 18-CV-2104-JTF-TMP, 2018 WL 6529879, at *4 (W.D. Tenn. Sept. 13, 2018) ("The mere assertion that certain documents may contain confidential information is too vague and non-specific to inform the court as to the actual substance of the documents sought."). For example, McNary Group offered no information about how "the compilations of information used in its business" were developed, the extent to which the information is known to McNary Group's competitors, any competitive disadvantage that disclosure would work to McNary Group, any steps McNary Group traditionally takes to safeguard the information, or even the general subject matter of the compilations to allow the Court to make an informed determination regarding McNary Group's claims of trade secrets. *See Bahorski v. City of Eastpointe*, No. 16-CV-12305, 2017 WL 5386600, at *9 (E.D. Mich. Nov. 14, 2017) ("[T]he motions to quash contain no reasoning regarding the extent to which the requested information is known to competitors of GPM and SCS, the extent of measures taken by the companies to guard the secrecy of such information, or the value of such information to the companies and their competitors."). Additionally, the Court notes that the only information requested by the subpoena as modified are communications between McNary Group and Louisville Metro, between McNary Group and third parties, and McNary Group's internal communications. McNary Group insufficiently explained how those communications would give rise to disclosure of the "compilations of information" McNary Group vaguely asserted were trade secrets. Accordingly, the Court concludes McNary Group has not

demonstrated the quashing the instant subpoena is appropriate pursuant to Fed. R. Civ. P. 45(d)(3)(B)(i).

### 4. Cost-Shifting

McNary Group's final argument is that to the extent the Court does not quash the subpoena, the Court should shift the cost of production to Plaintiffs and/or impose an "appropriate sanction" for Plaintiffs failure to avoid imposing an "undue burden or expense" pursuant to Fed. R. Civ. P. 45(d)(1). (DN 381, at PageID # 9723-24.) In response, Plaintiffs urged the Court to consider "the public policy at play" in requiring Plaintiffs, who are "seeking damages arising out of being subjected to child molestation," to pay McNary Group's costs of production. (DN 451, at PageID # 10,085.) In its reply, McNary Group decried what it argued was Plaintiffs' counsels' attempt to avoid sanctions "by educing the Court's sympathy for their clients . . . ." (DN 467, at PageID # 10,142.) McNary Group then went on to assert that as it is comprised of social workers and its "mission is to advocate for children," "McNary Group f[ound] it offensive that Plaintiffs' counsel are using the fact that their clients are child abuse victims to curry favor with the Court." (*Id.*) The Court is not swayed by either argument. It is not this Court's role to consider such factors; it is the Court's role to apply the Federal Rules of Civil Procedure and applicable law.

Fed. R. Civ. P. 45(d)(1) requires a Court to impose an appropriate sanction where a party has failed to take reasonable steps to avoid imposing an undue burden on a party subject to a subpoena. Fed. R. Civ. P. 45(d)(1). Here, the Court has found above that the subpoena does not impose an undue burden, therefore, there is no need for the court to assess sanctions against Plaintiffs. Fed. R. Civ. P. 45(d)(2)(B)(ii) also requires the court to "protect a person who is neither a party nor a party's officer from significant expense resulting from compliance." Fed. R. Civ. P. 45(d)(2)(B)(ii). *See In re: Modern Plastics*, 890 F.3d at 252 ("Thus, if an objection is made and

the court orders the non-party to comply, the court must protect a non-party from significant expenses resulting from compliance."). However, McNary Group has provided insufficient proof that producing the requested documents will subject McNary Group to "significant expense." Instead, McNary's motion seems to equate any expense with being significant and to justify the imposition of costs without any legal support for that position. Accordingly, the Court concludes McNary Group has not met its burden to require the Court to impose cost-shifting in this matter.

### III.  ORDER

For the reasons set forth above, IT IS HEREBY ORDERED that McNary Group's Motion to Quash (DN 381) is **DENIED**. McNary Group is directed to produce the documents requested by the Plaintiffs' subpoena, as modified, on or before **July 13, 2020**.

Colin H Lindsay, Magistrate Judge
United States District Court

cc: Counsel of record

June 12, 2020