**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**
**CIVIL ACTION NO.  3:18-CV-151-RGJ-CHL**

B.L., et al.,                                                                                           Plaintiffs,

v.

BRADLEY SCHUHMANN, et al.,                                                          Defendants.

## MEMORANDUM OPINION AND ORDER

At the Court's December 16, 2020, status conference, Plaintiffs and Defendant Bradley Schuhmann ("Schuhmann") reported a dispute between them regarding Plaintiffs' request to take a second deposition of Schuhmann.  (DN 604.)  The Court set unified briefing deadlines for Plaintiffs and Schumann to each file one opening and one response brief on the issue.  (*Id.*)  Those briefs have now been filed.  (DNs 606, 607, 609, 610.)  Therefore, this matter is ripe for review.

The Court construes Plaintiffs' brief (DN 607) as a Motion for Leave to Take a Second Deposition of Schuhmann, and, for the reasons set forth below, Plaintiffs' motion is **GRANTED.**

### I.   BACKGROUND

#### A.   Factual and Procedural Background

On February 25, 2020, Plaintiffs took the deposition of Defendant Schuhmann  (DN 607-1.)  At that deposition, Schuhmann testified that he did not kiss Plaintiff B.L. and did not exchange text messages or have any phone calls of a sexual nature with B.L.  (DN 607, at PageID # 12,375; DN 607-1, at PageID # 12,397-98.)  However, after his deposition, on November 3, 2020, Schuhmann was indicted on one count of deprivation of rights under color of law for depriving a minor of "the right not to be deprived of liberty without due process of law, which includes the right to not have her bodily integrity violated by a person acting under color of law."  DN 1, *USA*

*v. Schuhmann*, 3:20-cr-100-RGJ, (WD Ky. Nov. 3, 2020). The indictment stated that the "offense involved sexual abuse in the first degree under Ky. Rev. Stat. § 510.110(d)." *Id.* On November 16, 2020, Schuhmann pleaded guilty to the single-count indictment. As part of his plea colloquy, Schuhmann testified as follows:

| | |
|---|---|
| The Court: | So, at this time, we need to establish a factual basis for your guilty plea. So I'm now going to ask Miss Lawless to summarize what evidence the United States would have produced at trial on this matter. ''m going to ask you to listen carefully, and then you're going to need to confirm that you, in fact, did everything that the prosecutor is indicating. Okay? |
| Schuhmann: | Yes, ma'am. |
| The Court: | All right. Ms. Lawless. |
| Ms. Lawless: | Yes, Your Honor. All of Mr. Schuhmann's conduct occurred while he was here in the Western District of Kentucky in Jefferson County, Kentucky. From May 2002 until April of 2009, Mr. Schuhmann participated in the Louisville Metro Police Department Explorer program as an Explorer.<br><br>In April 2009, he applied for an LMPD sworn officer position, and several people associated with the Explorer program, including the director of the program and other advisors, wrote letters of recommendation for him. LMPD hired Mr. Schuhmann as a police officer, and upon completion of the training academy, he was sworn in and took the oath of office as a police officer on January 29th of 2010.<br><br>Mr. Schuhmann remained involved in the Explorer program during his training period and took on a more formal advisor role after been sworn in as a police officer with LMPD. While working with the Explorer program as an advisor, he met Jane Doe, a minor, who was also participating in the program, and, at that time, she was an Explorer.<br><br>The two communicated by cellular telephone, including texting. Mr. Schuhmann met Jane Doe outside of Explorer activities, including at her home and other locations in Louisville. During these meetings and communications, he was in a position of authority or special trust due to his role as an advisor with the Explorer's program. |

|  |  |
|---|---|
|  | He came into contact with Jane Doe as a result of that position, and when the two met at her home and other locations, he subjected her to sexual contact. |
| The Court: | All right. Did you hear everything that Ms. Lawless has indicated? |
| Schuhmann: | Yes, Your Honor. |
| The Court: | And can you confirm that everything she has said and alleged is true and accurate? |
| Schuhmann: | Yes, Your Honor. |
| … |  |
| The Court: | Did you begin to communicate with [Jane Doe] and meet with her outside of the program's activities? |
| Schuhmann: | Yes, Your Honor. |
| The Court: | And during those meetings, did you subject Jane Doe to sexual contact? |
| Schuhmann: | Yes, Your Honor. |

(DN 607-2, at PageID # 12,442-44.)

Alleging that the above testimony was inconsistent with statements made during his deposition, Plaintiffs' counsel requested a second deposition of Schuhmann. (DN 606-1.) Schuhmann's counsel declined to voluntarily produce him for a second deposition. (DN 606-2.) The Parties raised the issue with the Court during a video status conference on December 16, 2020, and the instant briefing followed. (DN 604.)

### B. The Instant Motions

Plaintiffs argued that they should be permitted to take a second deposition of Schuhmann because his testimony at the time he entered his guilty plea demonstrates that he was untruthful during his initial deposition. (DN 607.) Plaintiffs argued that further testimony from Schuhmann

3

on these issues is relevant to this case given that "[t]his entire case is about sexual abuse of minors in the Explorer[ ] Program and the actions of various Defendants in attempting to cover-up or conceal the abuse." (*Id.* at PageID # 12,377.) They emphasized that it is not duplicative, given Schuhmann's prior denial, to seek additional testimony from him regarding how, when, and by what means he abused Plaintiff B.L. and "what other parties knew about the abuse." (*Id.*)

In opposition, Schuhmann argued that a second deposition was unnecessary because it was unreasonably cumulative and duplicative given that "the information sought by Plaintiff is publicly available in the transcript of Defendant Schuhmann's sworn testimony at his initial appearance, arraignment[,] and change of plea hearing." (DN 606, at PageID # 12,362.) He noted that a second deposition of Schumann would require coordinating the schedules of eleven different attorneys and "an equal number of Defendants and the costs associated with the same," all of which would constitute an undue burden. (*Id.*)

In their response, Plaintiffs argued that the testimony they seek is not duplicative given that Schuhmann "lied under sworn oath and gave false testimony in his initial deposition." (DN 609, at PageID # 12,459.) Plaintiffs stated that not permitting a second deposition under these circumstances would unjustly reward Schuhmann for his prior untruthful testimony. (*Id.* at 12,460.) Plaintiffs also argued that the deposition of Schuhmann would likely be taken via Zoom, which would minimize the burden on all Parties. (*Id.*) Plaintiffs requested that the Court require Schuhmann's deposition to take place within the next sixty days and prior to his sentencing to ensure that they did not need to coordinate his deposition while he was in custody given how difficult that endeavor has proved as to Defendants Betts and Wood.[1]

---

[1] As Defendant Schuhmann was recently sentenced to one year of probation, Plaintiffs' concerns require no special provisions related to timing in the ruling set forth below. DN 24, *USA v. Schuhmann*, 3:20-cr-100-RGJ, (WD Ky. Mar. 12, 2021).

In his response, Schuhmann emphasized that it is Plaintiffs' burden to demonstrate that a second deposition is proper here. (DN 610.) He argued that Plaintiffs could obtain the testimony they claim to need through other "less expensive and burdensome discovery mechanisms." (*Id.* at PageID # 12,466.)

## II. DISCUSSION

### A. Legal Standard

If a deponent has already been deposed in a case and the Parties have not stipulated to the deposition, then a party must obtain leave of court in order to reopen the deposition. Fed. R. Civ. P. 30(a)(2)(A)(ii). "[T]he court must grant leave to [reopen the deposition] to the extent consistent with Rule 26(b)(1) and (2)." *Id.* at (a)(2). Rule 26(b)(1) is the touchtone for the scope of civil discovery. Rule 26(b)(1) provides, in relevant part, as follows regarding the scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). Rule 26(b)(2) addresses limitations on the frequency and extent of discovery. Subpart (b)(2)(C) provides that

> the court must limit the frequency or extent of discovery otherwise allowed by these rules . . . if it determines that:
> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
> (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

*Id.* at (b)(2)(C).

### B. Analysis

The Court finds that Plaintiffs have met their burden to obtain leave to take a second deposition of Schuhmann. As Plaintiffs emphasized, Schuhmann gave inconsistent testimony at his deposition and during his guilty plea hearing on issues central and relevant to their claims. The Court rejects Schuhmann's argument that second deposition would be unreasonably cumulative or duplicative given Schuhmann's testimony during his guilty plea hearing. Plaintiffs did not design the factual basis for Schuhmann's guilty plea, nor did they have the opportunity to ask follow up questions to his admissions during his guilty plea hearing regarding the details of some of his answers that could be integral to identifying further necessary discovery. Plaintiffs would have that opportunity at a second deposition. For that same reason, the alternative discovery methods, such as a request for admission, proposed by Schuhmann are not the equivalent of a deposition under the present circumstances. As to the issue of burden, Schuhmann presented no case law to support his assertion that the Court should find a second deposition here unduly burdensome simply because of the number of Parties and attorneys involved in this case.

While the Court will permit Plaintiffs to take a second deposition of Schuhmann, the Court will limit that deposition as set forth below.

### III. ORDER

For the reasons set forth above, IT IS HEREBY ORDERED that Plaintiffs' Motion for Leave to Take a Second Deposition of Bradley Schuhmann (DN 607) is **GRANTED**. Plaintiff is granted leave to take a second deposition of Defendant Schuhmann regarding the circumstances surrounding Schuhmann's guilty plea and the underlying facts to Schuhmann's plea.

cc: Counsel of record

April 14, 2021

Colin H Lindsay, Magistrate Judge
United States District Court